Rapallo, J.
The relator has been actually excluded from the office which he claims, and another person installed therein, who has ever since discharged the duties of the office. This has been done under color of law, and the legality of the removal of the relator and of the appointment of the present incumbent depends upon the construction of a statute, framed in such ambiguous language as to render its interpretation difficult. The Special and General Terms of the court below have differed upon the question. Under these circumstances the title to the office should not be determined in a proceeding by mandamus, instituted by the party out of possession, to compel payment to him of the salary of the office, to which proceeding the person in possession and interested in maintaining his right thereto is not a party.
If it clearly appeared that the relator had no legal claim to the office or its emoluments the motion for a mandamus might properly be denied upon the merits. Bo injustice would, in that case, be done to the party in possession. But, if there be a serious question as to the title to the office, it ought not to be decided against the party in possession in a proceeding in which he has no opportunity to be heard. Mandamus is not the proper remedy in such a case. It is to be presumed that the person in possession is and has been drawing his salary, and until his right to the office and salary is determined in a proceeding to which he is a party, and by the judgment in which he would be bound, the salary of the same office ought not to be ordered to be paid to another claimant. Indeed, it is doubtful whether the title to an office ought ever tobe tried collaterally on proceedings by mandamus instituted in behalf of a party out of possession. (People v. Stevens, 5 Hill, 616,627.)
After a careful examination of the various statutes bearing upon the subject, we think that the legality of the removal of the relator is not so clear that we can dispose of the case against him upon the merits; but we think, for the reasons already stated, that the motion should have been denied on the ground that mandamus is not the proper remedy, and with *220 out prejudice to any other proper proceeding which may be instituted to try the title to the office.
The orders of the General and Special Terms should be modified accordingly, without costs to either party.
All concur.
Ordered accordingly.